IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-72-803-01; WR-72,803-02; WR-72,803-03; WR-72,803-04; WR-72,803-05






EX PARTE STEPHON LAMAR HARRIS, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 1061324; 11074998; 1075000; 1063498; & 1051333 


 IN THE 371ST DISTRICT COURT FROM TARRANT COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted upon his open
plea of guilty to five offenses: attempted assault causing bodily injury to a public servant; two counts
of engaging in organized criminal activity; possession of cocaine less than one gram; and possession
of marijuana. Applicant was sentenced to twenty-five years' incarceration on the engaging in
organized criminal activity counts and two years' incarceration in state jail for all other counts. 

 Applicant contends that his counsel rendered ineffective assistance because counsel failed
to inform him of his right to appeal, failed to withdraw as counsel, and failed to timely file notices
of appeal. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). The trial
court has made findings and recommends granting relief. However, there is nothing in the record
to indicate that counsel was ever notified or was given the opportunity to respond to these
allegations. In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings
of fact. The trial court shall provide counsel with the opportunity to respond to Applicant's claim
of ineffective assistance of counsel on appeal. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. It
appears that Applicant is represented by counsel. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make supplemental findings of fact as to whether Applicant was denied
his right to a meaningful appeal because Applicant's counsel failed to timely file a notice of appeal. 
The trial court shall also make any other supplemental findings of fact and conclusions of law that
it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: October 21, 2009

Do not publish